[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff John Michael Kelly, an attorney, appeals from a decision of the defendant Statewide Grievance Committee reprimanding him for violating Rule 8.4(3).[1] He brings this appeal pursuant to Practice Book § 2-38, which provides that the appeal shall be conducted by the court without a jury and shall be confined to the record.
The pertinent facts are not disputed. On December 1, 1996, Susan Lesser brought a complaint to the defendant, alleging that the plaintiff altered a medical release after Lesser had signed it. (Return of Record (ROR), Item 2.) Lesser and her husband were parties to a contested dissolution and custody action. The plaintiff's employer, Attorney Marc Needelman, represented Lesser's husband in the action. In response to a request for production and then a motion to compel filed by Needelman, Lesser provided Needelman's office with medical record releases for a number of doctors who treated her. Needelman instructed the plaintiff to process the releases to obtain the records. The plaintiff discovered that Lesser had not provided a release for a particular doctor who treated her.[2] The plaintiff substituted that doctor's name on a release signed by the plaintiff and sent the release on to the doctor. Lesser then filed her complaint with the defendant.
Pursuant to § 2-32 (a)(1), the defendant referred Lesser's complaint to the Hartford/New Britain JD, GA 12, 15, 16 and 17 grievance panel. That grievance panel determined that probable cause existed that the plaintiff violated the Rules of Professional Conduct and notified the parties accordingly on January 8, 1997. See Practice Book § 2-32(i) and (j). In that determination, the panel stated,
 Altering a medical authorization without permission of the party signing the authorization or her counsel cannot be justified on the basis of convenience or that a correct authorization should have been provided or could have been required through a more cumbersome process. The alteration violated Rule 8.4, Misconduct.
CT Page 9152
(ROR, Item 6.)
Pursuant to Practice Book § 2-35(c), on January 30, 1997, the defendant referred the case to a reviewing committee. (See ROR, Item 8.) On April 25, 1997, the parties were notified that a hearing would be held on June 12, 1997. (ROR, Item 9.) On May 27, 1997, counsel for the plaintiff wrote to the defendant requesting a continuance of the hearing due to a conflict in his schedule. (ROR, Item 10.) On June 2, 1997, counsel for the defendant denied the request. (ROR, Item 11.)
At the June 12, 1997 hearing before the reviewing committee, the plaintiff appeared pro se, as did the complainant Lesser. Attorney Marc Needelman was also present. The plaintiff requested a continuance because his counsel was unavailable. The request was denied and the hearing proceeded. The parties and Needelman testified. On August 27, 1997, the reviewing committee issued its proposed decision finding a violation of Rule 8.4(3) and recommending a reprimand. On September 9, 1997, the plaintiff filed an objection to the proposed decision. On September 18, 1997, the defendant adopted the proposed decision. The plaintiff filed a timely appeal.
In this appeal, the plaintiff claims that the decision is clearly erroneous in view of the reliable, probative and substantial evidence in the record and is arbitrary and capricious and an abuse of discretion because there is no clear and convincing evidence of an intent to deceive, defraud or mislead. He further claims a denial of due process arising out of the refusal to grant him a continuance to have counsel present on his behalf. Finally, he argues that the issuance of a reprimand was clearly erroneous in view of the reliable, probative and substantial evidence in the record.
While this appeal is not governed by the Uniform Administrative Procedures Act, Practice Book § 2-38(f) the provision governing this appeal, is markedly similar to General Statutes § 4-183(j):
 (f) Upon appeal, the court shall not substitute its judgment for that of the statewide grievance committee or reviewing committee as to the weight of the evidence on questions of fact. The court shall affirm the decision of the committee unless the court finds that substantial rights of the respondent have been prejudiced because the committee's findings, inferences, conclusions, or decisions are: (1) In violation of constitutional, Practice Book or statutory provisions; (2) in excess CT Page 9153 of the authority of the committee; (3) made upon unlawful procedure; (4)affected by other error of law; (5) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) arbitrary or capricious or take such other action of the statewide grievance committee or take such other action as may be necessary. For purposes of further appeal, the action taken by the superior court hereunder is a final judgment.
The Supreme Court has recently confirmed the scope of review this court uses in reviewing a grievance committee decision. InSomers v. Statewide Grievance Committee, 245 Conn. 277, 290-91 (1998), the court stated,
 [I]n reviewing a decision of the statewide grievance committee to issue a reprimand, neither the trial court nor this court takes on the function of a fact finder. Rather, our role is limited to reviewing the record to determine if the facts as found are supported by the evidence contained within the record and whether the conclusions that follow are legally and logically correct. . . . Additionally, in a grievance proceeding, the standard of proof applicable in determining whether an attorney gas violated the [Rules] of Professional [Conduct] is clear and convincing evidence. . . . The burden is on the statewide grievance committee to establish the occurrence of an ethics violation by clear and convincing proof." (Citations omitted; internal quotation marks omitted.) Lewis v. Statewide Grievance Committee, 235 Conn. 693, 698, 669 A.2d 1202 (1996); see Practice Book 2-38(f). "[C]lear and convincing proof denotes a degree of belief that lies between the belief that is required to find the truth or existence of the [fact in issue] in an ordinary civil action and the belief that is required to find guilt in a criminal prosecution. . . . [The burden] is sustained if evidence induces in the mind of the trier a reasonable belief that the facts asserted are highly probability that they are true, or exist is substantially greater than that they are false or do not exist. (Internal quotation marks omitted.) Wildwood Associates, Ltd. v. Esposito, 211 Conn. 36, 42, 557 A.2d 1241 (1989).
With these principles in mind the court turns to the three claims asserted by the plaintiff.
The defendant determined that the plaintiff had violated Rule 8.4(3) "in that his submission of an medical release authorization without the knowledge or consent of the party CT Page 9154 signing the release constituted conduct involving dishonesty, deceit and misrepresentation." (ROR, p. 64, Item 13.) Rule 8.4(3) reads,
 It is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation.
The plaintiff first argues that there is no evidence that the plaintiff intended to deceive or mislead. Accordingly, he argues, there can be no violation of Rule 8.4(3). Without deciding the issue of whether the rule requires intent, the court must reject this argument. There is clear and convincing evidence of an intent to deceive or misrepresent in the record. The plaintiff admitted that he altered the release in order to obtain medical records from a doctor for whom Lesser had not provided a release. He admittedly did this without notifying Lesser or her attorney. While it appears from the record mat the plaintiff had no intent to obtain records that would not have ultimately and properly been I, released to his office, in altering the release without authorization, the plaintiff intended to mislead in order to obtain Lesser's medical records from this doctor. The court notes further that the defendant found this conduct dishonest, which is also supported by the record. In light of the limited scope of review allowed this court on factual determinations and credibility issues, the court will not substitute its judgment to characterize this conduct as simply an error in judgment.
The plaintiff also argues that he was denied due process when the defendant refused his request for a continuance. There is no question that an attorney subject to discipline is entitled to due process of law. Lewis v. Statewide Grievance Committee,235 Conn. 693, 705 (1996). The Supreme Court has not determined however that such an attorney has a right to effective assistance of counsel in such proceedings. Statewide Grievance Committee v.Friedland, 222 Conn. 131, 144-45 (1992). In Lewis v. StatewideGrievance Committee, supra, the Supreme Court said,
 Before discipline may be imposed, an attorney is entitled to notice of the charges, a fair hearing and an appeal to court for a determination of whether he or she has been deprived of these rights in some substantial manner.
235 Conn. 705. Here, the plaintiff was provided with notice dated April 25, 1997 of his hearing date of June 12, 1997. It did not violate the plaintiff's right of due process to deny the May 27, CT Page 9155 1997 written request for continuance and to proceed with the hearing on June 12, 1997. See Council on Probate Judicial Conductre James H. Kinsella, 193 Conn. 180, 199 (1984).
Finally, the plaintiff claims that the reprimand he received from the defendant was arbitrary and capricious because the defendant did not consider the mitigating factors that weighed against such a harsh sanction. Citing Statewide GrievanceCommittee v. Glass, 46 Conn. App. 472 (1997) and StatewideGrievance Committee v. Shluger, 230 Conn. 668 (1994), the plaintiff asserts that the defendant should have considered the American Bar Association's Standards for Imposing Lawyer Sanctions (Standards) in determining the appropriate sanction for the plaintiff's misconduct. Both of the cited cases were presentments involving attorneys convicted of felonies,[3] not appeals from committee decisions. In the appellate court decision, the court noted that the trial court had weighed certain evidence in considering the appropriate sanction, and then said,
 Although the Rules of Professional Conduct define misconduct; see Rule 8.4; they do not provide guidance for determining what sanctions are appropriate. For this reason, Connecticut courts reviewing attorney misconduct have looked to the American Bar Association's Standards for Imposing Lawyer Sanctions (Standards), which do provide guidance. The Standards, which were officially promulgated in 1986, have not been officially adopted in Connecticut. They are, however, used frequently by the Superior Court in evaluating attorney misconduct and in determining discipline, as they were by the trial court in this case. See Statewide Grievance Committee v. Shluger, supra, 230 Conn. 673 n. 10.
Statewide Grievance Committee v. Glass, supra, 46 Conn. App. 480-81 (1997). In Shluger, the Supreme Court explained in a footnote that the trial court had been guided, part, by the Standards in determining appropriate discipline. It then went on to say,
 The trial court was guided, in part, by the American Bar Association's Standards for Imposing Lawyer Sanctions (Standards) in determining the appropriate discipline. The Standards, originally promulgated in 1986, have not formally been adopted by the judges of this state. Both parties, however, relied on the standards in their presentations to the trial court and neither party objected to their consideration by the court.
Statewide Grievance Committee v. Shluger, supra, 230 Conn. 673, n. 10. CT Page 9156
Here, the proposed decision does not refer to the Standards, nor does it include any discussion of mitigating or aggravating factors. While the plaintiff referred to the Standards in his objection to the proposed decision, the defendant adopted the proposed decision without change. (See ROR, Items 14, 15.)
The defendant asserts that since the judges have not formally adopted the Standards, the defendant need not consider them in determining an appropriate sanction. The court agrees. Rule §2-37[4] sets for the sanctions and conditions which may be imposed by the defendant. There is no provision incorporating the Standards. The defendant is not required to apply those Standards.
In evaluating plaintiff's conduct and determining the sanction the reviewing committee did note that the plaintiff acknowledged his error and testified to an absence of malice:
 In the course of our hearing the Respondent acknowledged his error in altering and utilizing the altered medical release authorization form. He testified that he did not engage in his misconduct maliciously or to improperly advance the interests of his client.
(ROR, p. 63, Item 13.) The record supports a finding of misconduct by clear and convincing evidence, and the defendant's conclusion to issue a reprimand is legally and logically correct.
 The practice of law is. . . a profession the main purpose of which is to aid in the doing of justice. . . . An attorney as an officer of the court in the administration of justice, is continually accountable to it for the manner in which he exercises the privilege which has been accorded him. . . .
(Internal quotation marks omitted.) Doe v. Statewide GrievanceCommittee, 240 Conn. 671, 677 (1997).
The appeal is dismissed.
DiPentima, J.